UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-40405-MSH |
| JEFFREY S. MARTIN | ) | |
| KELLY A. MARTIN | ) | |
| | ) | |
| | ) | |
| Debtors | | |

**MEMORANDUM OF DECISION ON MOTION OF GREEN TREE SERVICING LLC FOR RELIEF FROM STAY**

Green Tree Servicing LLC has moved for relief from the automatic stay provisions of the Bankruptcy Code, 11 USC § 362, in order to foreclose its first mortgage on the Lowell, Massachusetts home of Jeffrey and Kelly Martin, the debtors in this case. The Martins, who have not made a mortgage payment since 2011, did not oppose the motion having stated in papers accompanying their bankruptcy petition their intention to surrender the property. There is no equity in this property for the bankruptcy estate. Nevertheless, the chapter 7 trustee has objected to Green Tree's motion on the grounds that Green Tree has not provided evidence that it holds the note secured by the mortgage which is a prerequisite to foreclosure under Massachusetts law. Essentially, the trustee is attacking Green Tree's standing to seek stay relief.

The trustee does not dispute that Green Tree is the current mortgagee. In its motion for relief from stay and attached exhibits Green Tree traces the mortgage's travels from National City Mortgage a division of National City Bank ("NCM") the original mortgagee, to PNC Bank, National Association, the successor by merger of NCM, to PNC's assignee, Green Tree. According to the note which is secured by a mortgage and is also attached to Green Tree's motion for relief, the note was originally payable to NCM which endorsed it payable to

1

"National City Mortgage Co., a subsidiary of National City Bank," which in turn endorsed the note in blank. Green Tree avers that either it or its agent has possession of the note.

The chapter 7 trustee, relying on the Massachusetts Supreme Judicial Court's landmark ruling in *Eaton v. Federal National Mortgage Association*, 462 Mass. 569, 969 N.Ed.2d 1118 (2012), objects to Green Tree's motion on the basis that it has neither produced the note nor filed an affidavit that in response to *Eaton* is now required by state law as a prerequisite to foreclosure.[1] Thus, she reasons, Green Tree may not foreclose under state law and consequently is not entitled to relief from stay. When questioned as to why she was objecting given that there is no equity in the Lowell property for the bankruptcy estate or its creditors, the trustee responded that if Green Tree did not hold the note she could bring an adversary proceeding to invalidate its secured claim.

---

[1] MASS. GEN. LAWS ch. 244, § 35C provides in relevant part:

> (b) A creditor shall not cause publication of notice of foreclosure, as required under section 14, when the creditor knows or should know that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder.
>
> Prior to publishing a notice of a foreclosure sale, as required by section 14, the creditor, or if the creditor is not a natural person, an officer or duly authorized agent of the creditor, shall certify compliance with this subsection in an affidavit based upon a review of the creditor's business records. The creditor, or an officer or duly authorized agent of the creditor, shall record this affidavit with the registry of deeds for the county or district where the land lies. The affidavit certifying compliance with this subsection shall be conclusive evidence in favor of an arm's-length third party purchaser for value, at or subsequent to the resulting foreclosure sale, that the creditor has fully complied with this section and the mortgagee is entitled to proceed with foreclosure of the subject mortgage under the power of sale contained in the mortgage and any 1 or more of the foreclosure procedures authorized in this chapter….

There are significant flaws in the trustee's position. First, it is by now old news that Massachusetts law permits a note and mortgage to be held by different parties. In such instances the mortgagee holds the mortgage for the benefit of the noteholder, including holding the power of foreclosure sale for the benefit of the noteholder if such power is contained in the mortgage. *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 652, 41 N.Ed.2d 40 (2011). In *Eaton* the Supreme Judicial Court reaffirmed Massachusetts law regarding the severability of ownership rights in a note and mortgage but held that to effect a valid foreclosure of a mortgage, ownership of the note and mortgage must reunite prior to commencement of the foreclosure process or at the very least the mortgagee must receive authority to foreclose from the noteholder on whose behalf it holds the mortgage. *Eaton*, 462 Mass. at 586, 969 N.Ed.2d at 1131. *Eaton* does not alter existing state law prior to the commencement of foreclosure[2] and thus there appears to be no basis for extending *Eaton's* holding to require reuniting of a mortgage and note as a condition to conferring standing on a lender to file a motion for stay relief.

    The United States Court of Appeals for the First Circuit has instructed that the test for determining standing to bring a motion for stay relief is whether the moving party has a "colorable claim" to property of the estate. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994). The First Circuit elaborated:

> The statutory and procedural schemes, the legislative history, and the case law all direct that the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims. Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property. If a court finds that likelihood to exist, this is not a determination of the validity

---

[2] Technically *Eaton* does not even alter state law in the foreclosure context but rather informs practitioners that based on their misinterpretation of the word "mortgagee" in MASS. GEN. LAWS ch. 244, § 14 they have been improperly foreclosing mortgages since time immemorial.

3

of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay.

*Id.* at 33-34 (footnote omitted). Green Tree as the current holder of the mortgage on the Lowell property has demonstrated a colorable claim to an interest in property of the estate.

The trustee's argument that she can avoid Green Tree's security interest if it does not own the note misconstrues the holding in *Eaton.* Separating ownership of a note and mortgage does not render the mortgage invalid under Massachusetts law. The mere fact that Green Tree has not established to the trustee's satisfaction in its motion for stay relief that it holds the Martins' note does not make its mortgage voidable. In any event, as *Grella* observes the lift stay process is not a proceeding to determine the merits of the underlying substantive claims, defenses or counterclaims. To the extent the trustee believes Green Tree's mortgage is voidable she is not precluded from bringing suit to void it.

For these reasons, Green Tree's motion for relief from stay will be allowed. A separate order consistent with this memorandum shall issue.

At Worcester, Massachusetts this 9th day of October, 2013.

By the Court,

*/s/ Melvin S. Hoffman*

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Brian Fleming, Esq.
Harmon Law Offices, P.C.
Newton Highlands, MA
for Green Tree Servicing LLC

Janice Marsh, Esq.
The Marsh Law Firm, PC
Worcester, MA
for Janice Marsh, Trustee

4